## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**WESLEY RICKS (#499599)**                      **CIVIL ACTION NO.**

**VERSUS**                                **19-701-JWD-SDJ**

**LOUISIANA STATE PENITENTIARY,
ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 3, 2020.

                                                 **SCOTT D. JOHNSON
UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**WESLEY RICKS (#499599)**                           **CIVIL ACTION NO.**

**VERSUS**                                                        **19-701-JWD-SDJ**

**LOUISIANA STATE PENITENTIARY,**
**ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Complaint, as amended, of Wesley Ricks, an inmate confined at the Louisiana State Penitentiary in Angola, Louisiana, who is representing himself.[1] Based on the screening process for such complaints, it is recommended that Plaintiff's federal claims be dismissed with prejudice as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

### I. Background

Wesley Ricks brings this suit against Louisiana State Penitentiary and the Department of Public Safety and Corrections under 42 U.S.C. § 1983. Plaintiff alleges that between October 6 and 7, 2019, he was denied meals to eat, causing him to suffer.[2] Plaintiff seeks monetary and injunctive relief.[3]

### II. Law & Analysis

#### A. Standard of Review

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim against a governmental entity or an officer or employee of a governmental entity that is frivolous, malicious, or fails to state a claim upon which relief may be granted. The statutes impose

---

[1] R. Docs. 1 & 6.
[2] R. Docs. 1, pp. 6-8; 6, p. 4.
[3] R. Doc. 1, p. 5.

similar standards for dismissal.[4] Both statutes are intended to afford the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact.

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[5] A claim has no arguable basis in law if it is based upon a meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[6] The law gives judges not only the authority to dismiss a claim that is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.[7] Pleaded facts that are merely improbable or strange, however, are not frivolous for purposes of § 1915.[8]

To determine whether the complaint fails to state a claim under § 1915(e)(2)(B)(ii), courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[9] Accordingly, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[10] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[11] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[12]

---

[4] § 1915(e) provides a procedural mechanism for dismissal of actions against a governmental entity or employee or officer of a governmental entity that are frivolous, malicious, or fail to state a claim in proceedings where the plaintiff was granted leave to proceed *in forma pauperis*. § 1915A provides a procedural mechanism for dismissal of claims by prisoners that are frivolous, malicious, or fail to state a claim upon which relief may be granted regardless of the pauper status of the plaintiff. Plaintiff was granted permission to proceed *in forma pauperis* on November 7, 2019 (R. Doc. 8) so both statutes apply.
[5] *Denton v. Hernandez*, 504 U.S. 25, 33-33 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[6] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[7] *Denton,* 504 U.S. at 32.
[8] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[9] *Hart v. Harrison*, 343 F.3d 762, 763-64 (5th Cir. 2003).
[10] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[12] *Id.*

Dismissal may be made at any time, before or after service of process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.[13]

### B. The Louisiana State Penitentiary and Louisiana Department of Public Safety and Corrections are Incapable of Being Sued under § 1983

Section 1983 creates a cause of action against "[e]very *person* who, under color of any [state law] ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution."[14] Only a "person" may be sued for violation of an inmate's constitutional rights.[15] An executive agency and its sub-units are not persons subject to liability under § 1983.[16] DOC is an independent executive branch agency of the state government,[17] and thus, is not subject to liability under § 1983. Similarly, "a prison or jail or its administrative departments are not entities that can be sued under Section 1983 because they are not juridical entities under state law capable of being sued and/or because they are not persons for purposes of suit under Section 1983 as the statute and case law define that term."[18] Therefore, Ricks has failed to state a claim upon which relief may be granted against LSP and LDPS&C.

---

[13] *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).
[14] 42 U.S.C. § 1983 (emphasis added).
[15] *Id.*
[16] *See Hyatt v. Sewell*, 197 F.Appx. 370 (5th Cir. 2006) (state agencies are not persons for purposes of § 1983); *see also Chacon v. Rice*, 2009 WL 3853160 at *2 (M.D. Fl., Nov. 18, 2009) (executive branch agencies are not persons for purposes of § 1983).
[17] *State v. Broom*, 439 So.2d 357, 367 (La. 1983).
[18] *Douglas v. Gusman*, 567 F.Supp.2d 877, 892 (E.D. La. 2008) *citing United States ex rel. Arzonica v. Scheipe*, 474 F.2d 720, 721 (3rd Cir. 1973); *Cullen v. DuPage County*, No. 99-1296, 1999 WL 1212570, *1 (N.D. Ill. Dec. 14, 1999); *Whitley v. Westchester County Corr. Facility Admin.*, No. 97-0420(SS), 1997 WL 659100, at *6 (S.D.N.Y. Oct. 22, 1997); *Sponsler v. Berks County Prison*, No. 95–1136, 1995 WL 92370, at * 1 (E.D. Pa. 1995); *Powell v. Cook County Jail*, 814 F.Supp. 757, 758 (N.D. Ill. 1993).

3

### C. Plaintiff's Claims are Otherwise Unexhausted on the Face of the Complaint

Though in Ricks's amended complaint, he only named the LSP and LDPS&C,[19] in his original complaint he named he additionally named two John Does and one Jane Doe.[20]  Thus, reading Ricks's complaints liberally, the Court also considers Ricks's claims against these Defendants; however, the plaintiff's claims still fail at this time because his claims against the John and Jane Doe security officers are unexhausted on the face of the complaint.

Pursuant to the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."[21]  The PLRA's exhaustion requirement is mandatory, and unexhausted claims may not be brought in court.[22]  When a prisoner fails to exhaust his administrative remedies, he fails to state a claim upon which relief may be granted[23]  Generally, a prisoner's failure to exhaust administrative remedies is an affirmative defense under the PLRA and prisoners "are not required to specially plead or demonstrate exhaustion in their complaints."[24]  However, the United States Court of Appeals for the Fifth Circuit permits a district court to *sua sponte* dismiss a case for failure to state a claim, predicated on failure to exhaust, "if the complaint itself makes clear that the prisoner failed to exhaust."[25]

In Louisiana, an inmate must follow a two-step Administrative Remedy Procedure ("ARP") process to exhaust administrative remedies before filing suit in federal court.  The ARP process is codified in the Louisiana Administrative Code under Title 22, Part I, § 325. An inmate

---

[19] R. Doc. 6, p. 4.
[20] R. Doc. 1, p. 4.
[21] 42 U.S.C. § 1997(e)(a).
[22] *Jones v. Bock,* 549 U.S. 199, 211 (2007).
[23] *Hicks v. Garcia*, 372 Fed. Appx. 557, 558 (5th Cir. 2010).
[24] *Jones*, 549 U.S. at 216.
[25] *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2014).

4

initiates the ARP process by completing a request for administrative remedy or writing a letter to the warden. An ARP screening officer screens the inmate's request and either accepts the request or rejects it for one of the enumerated reasons. A request rejected during the screening process cannot be appealed to the second step. If a request is accepted at the screening level, the warden must respond on a first step response form within forty (40) days of receipt of the request (five days for PREA). An inmate dissatisfied with the first step response may proceed to the second step of the ARP process by appealing to the Secretary of DOC. The DOC Secretary must issue a response within forty-five (45) days from the date the request is received using a second step response form. An inmate dissatisfied with the second step response may file suit. Whether or not a second-step response is received, once ninety days have passed from the initiation of the ARP process, unless an extension has been granted, the inmate may file suit.

It is clear from the face of the complaint that the plaintiff's remaining claims are unexhausted, as the plaintiff responded "No" to the form question of whether he presented the facts relating to his complaint in the state prisoner grievance procedure.[26] Regarding why Ricks failed to exhaust, he stated "[e]mergency issue which I feel unprotected and the hunger is causing mental anguish and sleep deprivation is occurring"[27] and "[d]uress."[28] Pursuant to 42 U.S.C. § 1997e, the plaintiff was required to exhaust administrative remedies available to him at the prison prior to commencing a civil action in this Court. An "emergency" situation does not relieve an inmate of the requirement that he exhaust administrative remedies.[29] Rather, the ARP process provides for special procedures in the event that the situation is of an emergency nature.[30] Ricks

---

[26] R. Docs. 1, p. 3; 6, p. 3.
[27] R. Doc. 1, p. 3.
[28] R. Doc. 6, p. 3.
[29] *Dartson v. Kastner*, 2006 WL 3702634, at *2 (E.D. Tex. Dec. 13, 2006).
[30] La. Admin. Code tit. 22, Pt. 1, § 325(H).

5

does not allege that he filed an emergency grievance; rather, his complaint is clear that he did not file a grievance at all. Because Ricks failed to complete the either the regular or emergency ARP process prior to filing suit, his claims against the two John Doe officers and the Jane Doe officer should be dismissed with prejudice.[31]

## RECOMMENDATION

**IT IS RECOMMENDED** that Wesley Ricks's claims against the Louisiana State Penitentiary and Louisiana Department of Public Safety and Corrections be **DISMISSED WITH PREJUDICE** as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[32]

**IT IS FURTHER RECOMMENDED** that Wesley Ricks's claims against John Doe, John Doe, and Jane Doe be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e and that the case be **CLOSED**.

Signed in Baton Rouge, Louisiana, on August 3, 2020.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[31] *See Dartson v. Kastner*, 2006 WL 3702634 (E.D. Tex. Dec. 13, 2006).

[32] Plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Should this Report and Recommendation be adopted, the Ruling in this matter will constitute a strike.